IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| KEUNTE DARRELL JOHNSON, #1569035, | § § | |
| *Petitioner,* | § § | Civil Action No. 6:11cv260 |
| v. | § § | |
| DIRECTOR, TDCJ-CID, | § § | |
| *Respondent.* | § § | |

## ORDER OF DISMISSAL

The above-entitled and numbered petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was heretofore referred to United States Magistrate Judge K. Nicole Mitchell. The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Petitioner has filed objections.

Having made a *de novo* review of the objections raised by Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Petitioner's objections are without merit. Specifically, Petitioner contends that (1) his pleadings were not "liberally construed"; (2) his allegations of racial discrimination are alone sufficient cause to overcome a procedural bar; (3) he has adequately pleaded a claim of "actual innocence," which the Magistrate Judge did not address; (4) his ineffective assistance of counsel claim states a "substantial claim" under *Martinez*; (5) the Magistrate Judge unfairly applied *Martinez* to his case; (6) the United States Supreme Court has applied the *Batson* principles beyond just peremptory challenges; and (7) trial counsel was ineffective in attempting to obtain the identity of a confidential informant, as claimed in his Ground Two.

First, it must be clearly framed, as it was in the Magistrate Judge's Report and

1

Recommendation, that Petitioner's two claims are both for ineffective assistance of trial counsel. In his objections, he spends little time on his Ground Two. The majority of his argument focuses on Ground One, in which he contends that his trial counsel was ineffective for failing to make a *Batson* objection (or, as discussed below, a derivative equal protection objection) during jury selection at trial. Absent this framing, it would be easy to interpret Petitioner's objections as simply an argument applying a *Batson*-type analysis to challenges of prospective jurors for cause.

Next, the Magistrate Judge and this Court have reviewed Petitioner's pleadings, including his petition, memorandum of law, traverse to the Director's response, and other filings, and have given his arguments the liberal construction he requests. *See United States v. Trevino*, 554 F. App'x 289, 293 (5th Cir. 2014) (per curiam) (to "penalize [the plaintiff] for less-than-perfect pleading is a clear violation of the rule that courts must liberally construe pro se pleadings," quoting *United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996) (per curiam)); *Vaccaro v. Stephens*, 2014 WL 1712270, at *2 n.4 (5th Cir. May 1, 2014) (per curiam) (where a *pro se* petitioner has "inartfully identified a legal error," a court would give the argument a liberal construction, "affording it the same consideration as a competently briefed argument made by an attorney.").

Here, Petitioner's pleadings, if not wholly polished, are hardly "inartful," as he now claims. Objections at 2. In his federal filings, he has made it abundantly clear that his argument applies *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986), to for-cause challenges adjudicated by the trial court and not simply peremptorily imposed by the prosecutor. He invoked *Batson* numerous times and went into some detail as to how it should have been applied by his counsel to object at trial to the prosecution's for-cause challenges. From his

detailed argument on this point, it is quite clear that Petitioner was and is well aware of *Batson*'s meaning and application, and he himself pointed out that although his situation did not involve peremptory challenges, the principles of *Batson* should nonetheless apply in this instance. He now attempts to dodge the Magistrate Judge's findings by simply arguing that what he meant to say was not that *Batson* should apply to his circumstance, but that its underlying constitutional principles of "equal protection" mandate the same outcome in the case of for-cause challenges as in a prosecutor's unilateral peremptory challenges of potential jurors. However, the Magistrate Judge acknowledged the underlying equal protection principles of *Batson*, Report and Recommendation at 14, quoting *Batson*, 476 U.S. at 89, and construed Petitioner's claim appropriately. There is no issue of any lack of "liberal construction" of his claims.

Petitioner further argues, as noted above, that the Supreme Court has applied *Batson*'s principles beyond the area of peremptory challenges. Objections at 9, citing *Miller-El v. Dretke*, 545 U.S. 231, 253, 125 S. Ct. 2317, 162 L. Ed. 2d 196 (2005). There, the Supreme Court found the use of the "jury shuffle" as then implemented under Tex. Code Crim. Proc. Art. 35.11 raised the inference of discriminatory intent. *Id*. at 254-55. However, the jury shuffle, like a peremptory challenge, was available at the prosecution's sole discretion and, as the Supreme Court found, could be used to shuffle black prospective jurors to the back of the deck, where they would be less likely to be selected for a jury panel. The practice is not analogous to a for-cause challenge, which is presented to, argued before and adjudicated by the trial judge based on evidence adduced during voir dire as to the suitability of an individual juror. Petitioner still has not presented any authority applying either *Batson* or its principles to the for-cause determination of a trial court. Accordingly, the Magistrate Judge correctly observed that Petitioner's trial

counsel could not have been ineffective for failing to make *Batson*-type or derivative equal protection objections to the for-cause challenge of two black prospective jurors where such challenges are not supported by authority. Counsel was not required to make frivolous or futile motions or objections. *Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). Further, a failure to make meritless objections does not result in the ineffective assistance of counsel. *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) (the "[f]ailure to raise meritless objections is not ineffective lawyering; it is the very opposite.").

Petitioner also points to alleged evidence that the prosecutor did not challenge certain white prospective jurors for cause based on prior legal charges or convictions, referring to Internet search results from website PublicData.com that he submitted as an exhibit to a motion to supplement his habeas petition. *See* docket entry #17. There are multiple problems with this argument. First, he contends that former Magistrate Judge Judith K. Guthrie (now retired) "accepted the Publicdata.com records as probative evidence in support of Mr. Johnson's claim." Objections at 11. That is utterly incorrect. She simply stated:

> The documents he now seeks leave to submit supplementing his memorandum of law and amended petition are described as excerpts from the voir dire record and the criminal history of four white jurors who he alleges were not challenged or disqualified from jury service in his case. If substantiated, the documents could be probative of the *Batson* issue. The Court observes also that the Respondent has separately requested an extension of time in which to study the memorandum of law and proposed supplemental documents prior to filing a response to the amended petition. Therefore, the motion for leave to supplement is reasonable.

*See* Order at docket entry #20. In other words, the former Magistrate Judge granted a submission of supplemental documents for the purpose of examining and determining their substantive value, nothing more. That does not constitute "accepting" the exhibits "as probative evidence" as

Petitioner improperly claims. Second, the documents themselves are not from voir dire[1] at all, and do not constitute part of the trial record. They are after-acquired results of Petitioner's Internet search and are not even certified as accurate or true copies. Petitioner was convicted on March 12, 2009, following a jury trial. The documents he submitted and now claims for their so-called "probative value" are clearly dated as having been downloaded and printed on September 13, 2011. As such, they cannot be considered by this federal Court on habeas review because they were not presented to the state courts as part of the trial record, as is clearly stated in the Report and Recommendation. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398, 179 L. Ed. 2d 557 (2011). Third, Petitioner alleges in conclusory fashion that the evidence these documents purport to represent was present at trial and that "[i]f the evidence of the white venire-persons history was not before the [state] habeas court, then the only explanation for that absence of records is prosecutorial misconduct in concealing those records." Objections at 11. However, Petitioner has pointed to absolutely nothing to support a claim that either the prosecutor at trial "conceal[ed]" any such records, nor that the prosecutor was even aware of any such history on the part of those veniremembers. Furthermore, if Petitioner did have any evidence to support such a claim, his very ground for relief in this instance would be one for actual prosecutorial misconduct, not ineffective assistance of counsel. His contention is without merit and his supplemental exhibit cannot be considered.

Petitioner also argues that he made a claim of "actual innocence" as an additional ground for relief. Objections at 6, citing his Traverse at 5-6. As noted above, a liberal construction of a *pro se* petitioner's pleadings may require a federal Court to interpret a less-than-perfect response

---

[1] Petitioner does also attach brief excerpts from the transcripts of voir dire; however, these excerpts do not validate the post-trial Internet documents.

as an amendment or motion to amend a petition. *Vaccaro*, 2014 WL 1712270, at *2 n.4. Here, Petitioner's entire argument in his Traverse was that he "has, and has always, argued his actual innocence." Traverse at 5. He followed that with a citation to *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986), and a brief argument, returning to the main thrust of his claim, that if the prosecutor at trial manipulated the "evidence of alleged criminal histories of black jurors to exclude them from the panel, while ignoring the same information about white jurors," Traverse at 6, that any procedural default in his claim should be excused. Even if the Court were to give a sufficiently liberal construction to Petitioner's Traverse to recognize an independent ground for relief of actual innocence, Petitioner has not demonstrated that he was actually innocent of the charges resulting in his conviction. Indeed, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). Petitioner's argument does nothing to demonstrate that he was factually innocent of the charges against him at trial. Furthermore, a claim of "actual innocence" is, if successful, simply a "gateway claim" that does not itself provide relief, but permits the petitioner's remaining constitutional claims to be heard on their merits, even if procedurally barred. *Schlup v. Delo*, 513 U.S. 298, 315, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). Here, both of Petitioner's grounds for relief were considered by the Magistrate Judge on their merits, though at least Ground One was procedurally defaulted, on the basis of *Martinez v. Ryan*, - - - U.S. - - - -, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), which Petitioner also argued for that very purpose. Accordingly, even if Petitioner did present a claim of "actual innocence," and had adequately supported it with a valid argument and evidence, he would have received no greater benefit that he successfully obtained under *Martinez*.

6

Having reached *Martinez*, Petitioner also makes an objection to the Magistrate Judge's analysis thereunder. On the one hand, he argues that his first ground for relief was "substantial" under the *Martinez* analysis, contrary to the Magistrate Judge's findings, and on the other hand, he contends that whether a claim is insubstantial is a defense not raised by the Respondent. He goes on to argue that "[i]t is patently unfair for the Magistrate to raise defenses not raised by the State." Objections at 9. Petitioner is wrong; substantiality is not a "defense," but is an integral part of the *Martinez* analysis that is not only properly raised *sua sponte* but is a necessary part of a Court's determination. Essentially, *Martinez* enables a petitioner to assert that state habeas counsel – or, as here, a *pro se* petitioner who represented himself in state habeas proceedings - was ineffective for failing to bring certain ineffective assistance of trial counsel claims during the state habeas review. As the Magistrate Judge observed, the United States Court of Appeals for the Fifth Circuit has summarized *Martinez* and *Trevino v. Thaler*, - - - U.S. - - - -, 133 S. Ct. 1911, 1921, 185 L. Ed. 2d 1044 (2013), which applies *Martinez* to Texas as follows:

> To succeed in establishing cause to excuse the procedural default of his ineffective assistance of trial counsel claims, [petitioner] must show that (1) his underlying claims of ineffective assistance of trial counsel are "substantial," meaning that he "must demonstrate that the claim[s] ha[ve] some merit," *Martinez*, 132 S. Ct. at 1318; and (2) his initial state habeas counsel was ineffective in failing to present those claims in his first state habeas application. *See id.*; *Trevino*, 133 S. Ct. 15 1921.

*Preyor v. Stephens*, 537 F. App'x 412, 421 (5th Cir. 2013) (per curiam); *see also Reed v. Stephens*, 739 F.3d 753, 774 (5th Cir. 2014). Inasmuch as the Magistrate Judge found Petitioner's ground for relief without merit, it was accordingly not a "substantial" claim for the purposes of the *Martinez* analysis. Moreover, Petitioner himself raised and argued the applicability of *Martinez*. He cannot now be heard to complain that an integral part of the *Martinez* analysis is "unfair"

7

because Respondent did not also address it.

Having addressed Petitioner's objections with regard to the findings on his first claim, the Court considers his objections with regard to his second claim. As the Magistrate Judge noted, the state trial court sitting in habeas review made explicit findings of fact and conclusions of law that Petitioner's trial counsel filed a proper motion and brief seeking the identity of the confidential informant in question. The Texas Court of Criminal Appeals denied his habeas application on that basis. Petitioner has submitted nothing to demonstrate that the decision was an "unreasonable determination of the facts." Further, the Twelfth Court of Appeals ruled on direct appeal of the same issue that the trial court did not abuse its discretion in denying that motion. Report and Recommendation at 20. In doing so, the Texas appellate court made its determination on the basis and its interpretation of state law, which this Court may not review. *Amador v. Quarterman*, 458 F.3d 397, 412 (5th Cir. 2006) (citing *Young v. Dretke*, 356 F.3d 616, 628 (5th Cir. 2004)), *cert. denied*, 550 U.S. 920, 127 S. Ct. 2129, 167 L. Ed. 2d 866 (2007). Petitioner has added nothing in his objections to demonstrate otherwise.

Petitioner renews his request for an evidentiary hearing. For the reasons stated in the Report and Recommendation, none is necessary or permitted. Likewise, his request for a certificate of appealability will be denied for the reasons stated in the Report and Recommendation.

Accordingly, Petitioner's objections are without merit and will be overruled. Consequently,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED** and his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and the above-entitled

and numbered cause of action is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. All motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED this 15th day of August, 2014.**

*/s/ Michael H. Schneider*
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE